UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Elaiza Apan, ) | COMPLAINT |
| ) | |
| Plaintiff, ) | Civil Action No. 3:25-cv-13011-JFA |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Equifax Information Services, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Elaiza Apan, for actual, statutory, and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

1

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681e and 1681i, which are two of the cornerstone provisions of the FCRA.

6. One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

See 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7. This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331.

8. Venue is proper in the Columbia Division because the Plaintiff resides in Richland County and the Defendant transacted business in this division.

## PARTIES

9. The Plaintiff, Elaiza Apan, is a resident and citizen of the State of South Carolina, Richland County, and is over the age of twenty-one (21) years.

10. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation

2

registered to do business in South Carolina with the South Carolina Secretary of State. Defendant Equifax may be served with process through its registered agent for service of process, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. Defendant Equifax was in all respects and at all times relevant herein doing business in the state of South Carolina.

11. Defendant Equifax is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.

12. Defendant Equifax's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

13. The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, mixed the Plaintiff's credit file with that of another consumer, and/or completely removed Plaintiff's credit file, replacing hers with another individual and reporting said other individual's credit as belonging to Plaintiff.

## FACTUAL ALLEGATIONS

14. In March 2024, Plaintiff learned her Experian credit file was fully mixed with her sister. As a result, Plaintiff's sister's name, date of birth, and other information was

reporting as belonging to Plaintiff. Thereafter, Plaintiff went online to review her Equifax credit report to make sure it was reporting her correct name, address, date of birth and social security number. At that time, Plaintiff's Equifax credit report contained Plaintiff's correct personal information and did not appear mixed with Plaintiff's sister's information. Additionally, the Summary of Plaintiff's Equifax credit report showed that there were zero negative accounts. As a result, Plaintiff believed her Equifax credit report was correct and did not look any further.

15. On or about September 20, 2024, Plaintiff obtained a new copy of her Equifax credit report. Upon review, Plaintiff discovered that there were two accounts reporting as hers that did not actually belong to Plaintiff: Syncb/Banana Republic, Account #2552, and World Omni, Account #8061.

16. On or about October 26, 2024, Plaintiff mailed, via certified mail, a dispute letter to Defendant ("First Dispute Letter"), wherein Plaintiff stated she had obtained a copy of her Equifax credit report, and it contained two accounts that did not belong to her. Specifically, Plaintiff notified Defendant that the Syncb/Banana Rep and World Omni accounts were not her accounts. Plaintiff provided her Social Security number and date of birth on the letter and enclosed a copy of her driver's license to prove her identity.

17. Defendant received Plaintiff's First Dispute letter on October 31, 2024.

18. On or about November 18, 2024, Plaintiff received the results of Defendant's alleged reinvestigation into her disputes wherein Defendant informed Plaintiff that both accounts were verified as belonging to Plaintiff. Accordingly, both accounts continued to

be reported on Plaintiff's Equifax credit report.

19. On or about December 17, 2024, Plaintiff mailed a second dispute letter to Defendant ("Second Dispute Letter"). In this letter, Plaintiff stated she had received the dispute results from Equifax and that her credit report continued to wrongfully report the Syncb/Banana Republic and World Omni accounts as belonging to her. Plaintiff specifically informed Defendant that neither the Syncb/Banana Republic or the World Omni accounts were her accounts. Plaintiff again enclosed a copy of her driver's license, and provided her date of birth, address, and Social Security number. Plaintiff requested Defendant remove both accounts from her credit report.

20. Defendant received Plaintiff's Second Dispute Letter on December 27, 2024.

21. On or about January 9, 2025, Defendant sent Plaintiff the results of its alleged reinvestigation into her Second Dispute. Defendant stated that both the Syncb/Banana Republic and World Omni accounts were verified as belonging to Plaintiff. Accordingly, both accounts continued to be reported as belonging to Plaintiff on her credit file.

22. On or about March 11, 2025, Plaintiff sent a third dispute to Defendant via certified mail ("Third Dispute Letter"), wherein she reiterated that the Syncb/Banana Republic and World Omni accounts were not her accounts. Plaintiff again provided her date of birth, Social Security Number, and address. Plaintiff requested that Defendant remove the accounts so that Plaintiff's Equifax credit report would finally be correct.

23. Defendant received Plaintiff's Third Dispute on March 18, 2025.

24. On or about March 19, 2025, Defendant sent Plaintiff a letter stating it was unable

to locate a credit file in its data base with the identification information provided by Plaintiff and requested Plaintiff send two pieces of identification verifying her identity and her current address.

25. At the time Defendant sent its March 19, 2025, letter, Defendant had already received a copy of Plaintiff's driver's license on two prior occasions.

26. Following receipt of Defendant's March 19, 2025, letter, Plaintiff again forwarded Defendant a copy of her driver's license, as well as a copy of her social security card.

27. Despite receipt of Plaintiff's driver's license and social security card, Defendant never responded to Plaintiff's Third Dispute Letter.

28. As of the date of the filing of this Complaint, Defendant continues to report false and inaccurate information on Plaintiff's credit reports to third parties which has harmed Plaintiff's reputation and caused her damages.

## COUNT ONE
## FCRA - 15 U.S.C. §1681n

29. The Plaintiff adopts the averments and allegations of paragraphs 14 through 28 hereinbefore as if fully set forth herein.

30. Defendant maintains and distributes credit data files on the Plaintiff's credit.

31. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to provide Plaintiff her

credit file pursuant to 15 U.S.C. §1681g.

32. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

33. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

34. As a result of Defendant's willful violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, frustration, embarrassment, loss of enjoyment of life, lost time spent working to correct her credit report, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

35. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

36. Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

37. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

## COUNT TWO
## FCRA 15 U.S.C. §1681o

38. The Plaintiff adopts the averments and allegations of paragraphs 14 through 37 hereinbefore as if fully set forth herein.

39. Defendant negligently failed to comply with the requirements imposed under the

FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to provide Plaintiff her credit file pursuant to 15 U.S.C. §1681g.

40. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

41. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, frustration, embarrassment, loss of enjoyment of life, lost time spent working to correct her credit report, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

42. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

43. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. §1681n(a).

## **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A. Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.   Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.   Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.   For such other and further relief as the Court may deem just and proper.

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed ID #10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ *Penny Hays Cauley*
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Equifax Information Services, LLC
c/o - Corporation Service Company - Registered Agent
508 Meeting Street
West Columbia, SC 29169